UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RODNEY LYNN MORELAND,<br><br>                    Petitioner,<br><br>         v.<br><br>JEFFREY UTTECHT,<br><br>                    Respondent. | No. C12- 5703 RJB/KLS<br><br>**REPORT AND RECOMMENDATION**<br>Noted for:  January 18, 2013 |

Petitioner Rodney Lynn Moreland filed a 28 U.S.C. § 2254 habeas petition challenging his 2007 conviction for second degree rape of a child, third degree rape of a child, and tampering with a witness.  ECF No. 9.   Respondent has filed a motion to dismiss the petition as time-barred based on 28 U.S.C. § 2244(d).  ECF No. 20.  Petitioner filed a reply.  ECF No. 23.  The Court agrees that the petition is time-barred and recommends that the petition be dismissed as untimely and that the issuance of a certificate of appealability be denied.

**BACKGROUND**

**A.     Statement of Facts**

The Washington Court of Appeals summarized the facts as follows:

> At the guilty plea hearing before Clark County Superior Court Judge Diane Woolard on April 24, 2007, Moreland submitted a statement of defendant on plea of guilty that was signed both by Moreland and his attorney.  The preprinted plea form stated that Moreland understood that each crime with which he was charged carried a maximum sentence, a fine, and a standard sentence range, and that the standard range of actual confinement for the charge of rape in the second degree was 111 to 147 months with a maximum term of life.  As his statement of guilt to the charge of rape of a child in the second degree, Moreland read aloud his written statement attached to the plea form:

REPORT AND RECOMMENDATION - 1

> Between June 1, 2005 and November 2, 2006 I had sexual intercourse multiple times with MLA who was at least 12 years old but less than 14 years old and not married to me and I was at least 36 months older than MLA at the time in Clark County, Washington.

MLA was the son of Moreland's brother's girlfriend and the victim of all three offenses to which Moreland pleaded guilty. At the time of the offenses, Moreland was divorced and his three children did not live with him.

The guilty plea form stated that Moreland understood that because the offense of rape in the second degree was committed on or after September 1, 2001,

> the judge will impose a maximum term of confinement consisting of the statutory maximum sentence of the offense and a minimum term of confinement either within the standard range for the offense or outside the standard range if an exceptional sentence is appropriate. The minimum term of confinement that is imposed may be increased by the Indeterminate Sentence Review Board if the Board determines by a preponderance of the evidence that it is more likely than not that I will commit sex offenses if released from custody. In addition to the period of confinement, I will be sentenced to community custody for any period of time I am released from total confinement before the expiration of the maximum sentence.

The guilty plea form specifically referenced an appendix "A" as containing the prosecutor's sentencing recommendation. Appendix "A" stated that the parties stipulated that the standard range minimum sentence for the charge of rape in the second degree was 111 to 147 months and that the maximum sentence was life imprisonment. As part of the plea agreement, the State was free to recommend that the court impose any sentence within the standard range and Moreland was free to seek authorization to participate in the special sexual offender sentencing alternative (SSOSA) program, as provided by former RCW 9.94A.670 (2006). [State court's footnote: If the court agreed to place Moreland in the SSOSA program, the parties stipulated to recommend suspending a 131-month standard range sentence contingent upon successful entry and completion of all phases of a state licensed sex offender treatment program.] Moreland signed the guilty plea form immediately below a paragraph reading: "My lawyer has explained to me, and we have fully discussed, all of the above paragraphs .. . . I understand them all. I have been given a copy of this 'Statement of Defendant on Plea of Guilty.' I have no further questions to ask the judge." Moreland's attorney also signed the plea form and indicated that he had read and discussed

REPORT AND RECOMMENDATION - 2

this statement with the defendant and that he believed that Moreland was competent and fully understood the contents of the document.

The trial court informed Moreland that the standard range on the charge of rape of a child in the second degree was 111 to 147 months with a "maximum term fine of life and $50,000." [State court's footnote:  Both parties agree that although the transcripts refer to the charge as "Count Two," this was either a speaking error by the court or a transcription error by the court reporter, and that the context of the statement demonstrates that the court was referring to the first count which was for the charge of rape of a child in the second degree.]  The Judge also orally confirmed that Moreland understood that the court did not have to follow a recommendation that he be allowed to participate in the SSOSA program.  The court also confirmed with Moreland that he was entering his plea freely and voluntarily and specifically found that the guilty plea was entered knowingly, voluntarily and intelligently, and with a factual basis.  The court indicated that, near the end of the guilty plea form, the defendant asserted that he had "previously read the entire statement above and that the defendant understood it in full."  At the guilty plea hearing, Moreland's attorney indicated that the defense anticipated engaging the services of Dr. Kirk Johnson to conduct the SSOSA program evaluation.

On June 13, 2007, Moreland wrote a letter to Judge Woolard asking her to recuse herself from his sentencing hearing on June 27, 2007, because he had heard from others that she would not give him a fair sentence and that she often did not adopt Dr. Johnson's recommendations regarding SSOSA eligibility.

On June 15, 2007, Moreland wrote another letter to the superior court reiterating his request that Judge Woolard not sentence him, claiming that she was unfair, did not listen to recommendations of specialists, and was known to be a "man hater."  Moreland also complained about his attorney, stating that he wanted "to know if I still have a right to request a new attorney on this matter?"  Moreland asserted that his attorney had not fought for him, never talked to him about his side of the story, and was difficult to telephone from jail.  Moreland further complained, without specificity, that his attorney had not disclosed to him all of the allegations against him contained in the police report and that many of those allegations were false. Moreland also averred that, although his attorney had advised Moreland to plead guilty and seek entry into the SSOSA program, he did not inform Moreland until after the plea that admittance into a SSOSA program was not guaranteed.

By June 21, 2007, when Moreland wrote a letter to his three children, he had already learned that Dr. Johnson had recommended against placing him in the SSOSA program.  Dr. Johnson, noting that Moreland admitted to having sexual contact with another teenage male in 2005, reported that Moreland "appears to be a seriously disturbed individual."  Dr. Johnson acknowledged that Moreland had a

REPORT AND RECOMMENDATION - 3

previous diagnosis of Asperger's disorder. He opined that the combination of Moreland's psychopathic personality trends and the Asperger's condition compromised Moreland's amenability to treatment. Dr. Johnson recommended that Moreland be placed in a secure setting where sex offender treatment is available and that the treating facility also be familiar with Asperger's disorder.

In the letter to his children, Moreland predicted that he would be going to prison and explained how the children could send letters to him. He told his children that he missed them. He also said that he was mad at his brother, claiming that his brother "obviously got what he wanted," an apparent reference to Moreland's upcoming sentencing. The next day, Moreland again wrote to Judge Woolard. This time he objected to Dr. Johnson's report, claiming that it contained numerous inaccuracies resulting from Dr. Johnson's alleged unfamiliarity with Asperger's disorder. Moreland referred to but did not provide copies of psychological evaluations done by other doctors.

At the sentencing hearing on June 27, 2007, Judge Woolard acknowledged receipt of Moreland's letter requesting that she recuse herself. She denied the request. Moreland did not mention his inquiry about obtaining new counsel and the court did not address the subject. The court considered both Dr. Johnson's report and a presentence report authored by a community corrections officer. The latter report made no mention of Moreland's children, even under the section discussing Moreland's family and marital background. The report recommended prohibiting Moreland from contacting minors and that he obtain a mental health evaluation.

The court denied Moreland's request to enter the SSOSA program and sentenced him to the high end of the standard sentencing range as his minimum term of imprisonment and to life imprisonment as his maximum term. The court also ordered Moreland not to have contact with any minors. Moreland asked that he be allowed to have contact with his own children. The court denied the request and said that it was basing its decision on the fact that Moreland's children were roughly the same age as the victim [Court's footnote: Moreland told the court that his children were 14-, 12-and 8-years-old] and because the court believed that Dr. Johnson had indicated that Moreland should have no contact with minors and obtain a mental health evaluation. The prosecutor inaccurately confirmed the court's mistaken impression that Dr. Johnson had recommended that Moreland have no contact with any minors. The prosecutor also asserted that Moreland had been writing letters to family members portraying the victim as the party deserving blame and that Moreland had thoughts of suicide. However, the only evidence of Moreland sending letters to family members is the June 21 letter to his children. That letter neither blamed the victim nor suggested that Moreland was suicidal.

REPORT AND RECOMMENDATION - 4

> The court also imposed numerous conditions of community custody now challenged on appeal.

ECF No. 23, Exhibit 3; Unpublished Opinion, at 2-7; *State v. Moreland*, 146 Wn. App. 1026 (2008).

**B.      Procedural History**

Through counsel and pro se, Mr. Moreland appealed his conviction to the Washington Court of Appeals.  ECF No. 21, Exhibits 4 and 5.  The court affirmed his conviction in an unpublished opinion but remanded to the superior court for resentencing, ruling that the trial court improperly imposed the condition prohibiting Mr. Moreland from having contact with his own children.  *Id.*, Exhibit 3.  Mr. Moreland moved for reconsideration. *Id.*, Exhibit 7.  The court denied reconsideration.  *Id.*, Exhibit 8.  Pro se, Mr. Moreland petitioned for review in the Washington Supreme Court.  *Id.*, Exhibit 9.  The Washington Supreme Court denied review without comment on March 31, 2009.  *Id.*, Exhibit 10.  The Washington Court of Appeals issued its mandate on April 29, 2009.  *Id.*, Exhibit 11.

On April 19, 2010, Mr. Moreland signed a pro se personal restraint petition with the Washington Court of Appeals, and it was filed on April 23, 2010.  *Id.*, Exhibit 12.  The Washington Court of Appeals dismissed the petition.  *Id.*, Exhibit 16.  Mr. Moreland filed a motion for discretionary review in the Washington Supreme Court.  *Id.*, Exhibit 17.  The court denied the motion in a ruling by the commissioner.  *Id.*, Exhibit 19.  Mr. Moreland moved to modify the ruling.  *Id.*, Exhibit 20.  The court denied the motion without comment on August 9, 2011.  *Id.*, Exhibit 21.  The Washington Court of Appeals issued a certificate of finality on November 28, 2011.  *Id.*, Exhibit 22 (Certificate of Finality).

REPORT AND RECOMMENDATION - 5

Mr. Moreland signed his federal habeas corpus petition on August 1, 2012, and it was filed August 7, 2012. ECF No. 2.

## DISCUSSION

### I.  Habeas Review Standard and Exhaustion of Remedies

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") "unreasonable application" clause, a federal habeas court may grant a writ of habeas corpus only if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000). In addition, a state court's decision may be overturned only if the decision is "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  When it is clear that the state court did not reach the merits of a properly raised issue, a federal habeas court will review the issue *de novo. See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). Nonetheless, factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence. *Id.* at 1168; 28 U.S.C. § 2254(e).

Because the Court finds that Mr. Moreland did not file his habeas petition within the one year statute of limitations under 28 U.S.C. § 2244(d), the Court need not determine whether he properly exhausted his habeas claims. 28 U.S.C. § 2254(b)(2).

### II.  Evidentiary Hearing

The decision to hold a hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465,127 S. Ct. 1933, 1939-41 (2007).  "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Landrigan*, 127 S. Ct. at 1940. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's

REPORT AND RECOMMENDATION - 6

review is limited to the record before the state court.  *Cullen v. Pinholster*, ---U.S.---, 131 S. Ct. 1388 (2011).

The Court finds it unnecessary to hold an evidentiary hearing because the existing record shows that Mr. Moreland's habeas petition is not timely under 28 U.S.C. § 2244(d).

**III.    28 U.S.C. § 2244(d) One-Year Statute Of Limitations**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), habeas corpus petitions by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ."  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2) (emphasis added).

Where a habeas petitioner sought direct review by the highest state court but did not file a petition for a writ of certiorari in the United States Supreme Court, the AEDPA one-year limitations period for seeking federal habeas review begins to run not on the date the highest state court entered judgment, but on the date the time for seeking certiorari expires.  See *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The time period for seeking certiorari is ninety days, according to the Supreme Court Rule 13.  *Id*.

Mr. Moreland's conviction became final for purposes of federal law on March 31, 2009, the date the Washington Supreme Court denied review of his direct appeal.  ECF No. 21, Exhibit 10.  See *White v. Klitzkie*, 281 F.3d 920, 923 n.4 (9th Cir. 2002) (citing *Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001)) (holding that under Guam's court procedural rules, it was

REPORT AND RECOMMENDATION - 7

decision of Supreme Court of Guam, and not ministerial act of entry of mandate, that ended statutory tolling).

The time for seeking certiorari with the United States Supreme Court began to run the next day and expired 90 days later on June 29, 2009.  The 28 U.S.C. § 2244(d)(1) one-year statute of limitations began to run the next day.  *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); see also *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  The statute then ran for 294 days until Mr. Moreland's personal restraint petition was signed.

A properly filed state court application for post-sentence relief tolls the statute of limitations for the time the application remains pending in state court.  See 28 U.S.C. § 2244(d)(2*); Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (untimely state court petition for post-sentence relief did not toll federal statute of limitations because petition did not constitute "properly filed" petition); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (per curiam), *reh'g denied*, 552 U.S. 1132 (it is immaterial for purposes of § 2244(d)(2) whether a state time limit is jurisdictional or an affirmative defense).  Mr. Moreland's personal restraint petition was signed on April 19, 2010.  ECF No. 21, Exhibit 12.  This tolled the statute of limitations until the Washington Supreme Court denied Mr. Moreland's motion to modify on August 9, 2011.  *Id.*, Exhibit 21 (Order).  The statute of limitations began to run again and expired 71 days later on October 19, 2011.

More than nine months after expiration of the statute of limitations, Mr. Moreland constructively filed his federal habeas corpus petition on August 1, 2012, although it was not date stamped in this Court until August 7, 2012.  See *Patterson v. Stewart*, 251 F.3d 1243, 1245 n.2 (9th Cir. 2001) (under prison "mailbox rule," petition is deemed "filed" for purposes of AEDPA's statute of limitations the moment it is delivered to prison authorities for forwarding to

REPORT AND RECOMMENDATION - 8

clerk of district court). Therefore, Moreland's federal habeas petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).

Mr. Moreland points out that when the Washington Court of Appeals issued its "Certificate of Finality" on November 28, 2011, it clearly stated that the "decision of the Court of Appeals of the State of Washington, Division II, filed on January 14, 2011, became final on August 9, 2011." ECF No. 23, at 2-3, Exhibit A. This fact is not disputed. However, Mr. Moreland argues that he had one year from August 10, 2011 to file his federal habeas petition. In other words, Mr. Moreland argues that the federal statute of limitations did not begin running until the Washington Supreme Court issued its ruling on Mr. Moreland's *collateral* proceedings. Mr. Moreland is in error.

State prisoners have one year to file federal habeas corpus petitions, beginning from the time their *direct* appeal period expires in state court. 28 U.S.C. § 2244(d)(1) (A). If the prisoner timely files a petition on collateral review, the federal statute will be tolled and will remain tolled between the time the petition was filed and the state's highest court rules on the petition. There is no question that when Mr. Moreland sought timely collateral review in the state courts, the statute of limitations was tolled throughout the time that he sought state collateral review. *Harris v. Carter,* 515 F.3d 1051, 1053 n.3 (9th Cir. 2008) (statute of limitations is tolled during "all of the time which a state prisoner is attempting, through proper use of state court procedure, to exhaust state court remedies with regard to a particular post-conviction application"). However, between the time his *direct* appeal expired and the time he filed his personal restraint petition, the federal statute of limitations was running and had run for 294 days. The statute of limitations is *not tolled* from the time a final decision is issued on *direct* state appeal and the time the first state *collateral* challenge is filed because there is no case "pending" during that interval. *Nino v.*

REPORT AND RECOMMENDATION - 9

*Galaza,* 183 F.3d 1003, 1006-7 (9th Cir. 1999), impliedly overruled on other grounds in *Carey v. Saffold,* 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002) (if a petition is ultimately found to be untimely, the time between denial in a lower court and the filing of a subsequent petition in the next higher court will not toll the statute of limitations).

Thus, the statute of limitations remained tolled until the Washington Supreme Court denied Mr. Moreland's motion to modify on August 9, 2011. Then the statute began to run again and expired 71 days later on October 19, 2011. Mr. Moreland's federal habeas petition was filed on August 7, 2012, over nine months after the statute expired. Therefore, his federal petition is untimely unless he can show that he is entitled to equitable tolling.

**IV.     Equitable Tolling**

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, ––– U.S. –––––, –––––, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted).

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (emphasis deleted). In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999).

Mr. Moreland argues that his petition should not be time barred because his guilty plea and sentence are invalid. However, a claim that his habeas petition has merit is not a basis to equitably toll § 2244(d)'s limitations period. Equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file his petition on time. See *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir.1998) (en banc), cert. denied, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999).

Mr. Moreland provides no evidence of any external circumstance beyond his direct control that prevented him from timely filing his federal habeas petition or other extraordinary circumstances that might qualify him for equitable tolling of the statute of limitations. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Therefore, his habeas petition is barred by the one-year statute of limitations period based on 28 U.S.C. § 2244(d)(1)(A) and should be dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts this report and recommendation, it must determine whether a certificate of appealability ("COA") should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts. A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

REPORT AND RECOMMENDATION - 11

Under this standard, Mr. Moreland should be denied a COA because no reasonable jurist could disagree with dismissing as time-barred a habeas petition that was filed at least nine months beyond the one-year statute of limitations where the record establishes that equitable tolling is not warranted.

## CONCLUSION

Mr. Moreland's federal habeas corpus petition is untimely as his petition was filed more than one year after his state court judgment became final.  There are no extraordinary circumstances in his case that require the application of equitable tolling principles.  Therefore, Mr. Moreland's federal habeas petition is barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d) and should be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 18, 2013**, as noted in the caption.

**DATED** this   2nd   day of January, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 12